# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES FOR THE USE OF PLAINTIFFS ECS FIRE SECURITY, INC., a California corporation; ELECTRONIC CONTROL SYSTEMS, INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>BURNS & McDONNELL ENGINEERS, INC., a Missouri corporation doing business as Burns & McDonnell; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation; DOES 1 through 20, INCLUSIVE,<br><br>Defendants. | CASE NO. 07cv1089 BTM(WMc)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendants have filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim. Defendants motion is **DENIED**.

## I. FACTS

In or about March 2005, Plaintiffs ECS Fire Security, Inc. and Electronic Control Systems, Inc. (collectively "ECS") agreed to provide services and materials to H.R. Redondo, Inc. ("Redondo") in connection with a project known as FS5007-NASNI C40 Hangar/ATCT (the "Project") at North Island Naval Air Station in San Diego, California. (Compl. ¶¶ 1, 7-8.) Redondo was a first-tier subcontractor hired by prime contractor Burns & McDonnell ("Burns"). (Compl. ¶ 2.) St. Paul Fire and Marine Insurance Company is the surety that

issued Burns' payment bond in connection with the Project. (Compl. ¶ e.)

The work to be performed by ECS consisted of installing all fire alarm systems for the Project. (Compl. ¶ 7.) According to the Complaint, the last day on which ECS performed "Additional Original Work" on the Project was on August 22, 2006, when ECS prepared and sent a report to Burns regarding repairs that ECS performed on a fire alarm panel system. (Compl.¶ 40.) The repairs consisted of fixing ground fault problems that ECS believes were caused by the electrical contractor. (Compl. ¶¶ 39-40.)

ECS claims that several invoices it submitted to Redondo for payment for "Original Work" and "Additional Original Work" remain unpaid. (Compl. ¶ 42.) The total of the unpaid invoices is $120,823.50. (Id.)

ECS filed its Complaint on June 14, 2007. ECS asserts a claim for recovery under the Miller Act, 40 U.S.C. § 3133.

## II. DISCUSSION

Defendants contend that Plaintiffs' Complaint should be dismissed because Plaintiffs filed suit more than one year after the last day it performed original contract work on the Project. Relying on the exhibits to the Complaint, Defendants argue that the work performed by ECS in August, 2006, was not part of the original contract, but, rather, repair work subsequent to the completion of the original work.

Under 40 U.S.C. § 3133(b)(4), ECS was required to file suit "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." The timeliness of this action depends on whether the work ECS performed in August, 2006, was performed "as a part of the original contract or for the purpose of correcting defects, or making repairs following inspection of the project." United States ex. rel. Austin v. Western Elec. Co., Inc., 337 F.2d 568 (9th Cir. 1964) (internal quotation marks omitted.)

Some of the exhibits to the Complaint suggest that ECS completed its performance of the original contract in February, 2006. For example, on February 6, 2006, Brandon

Ensley of Redondo e-mailed Michael Koermer of ECS, requesting that he "consider finishing up anything that is part of the original scope of work so that it might help us to get paid faster." (Ex. G.) Koermer replied that he would try to get the final fire alarm test reports to Burns by the next day and stated: "[T]his is the final item. (that I know off [sic]) Any future issues (not part of original contract) will not be performed until payment for change orders have been approved." (Id.) Exhibit O also seems to support Defendants' position that ECS's performance of the original work was completed prior to August, 2006. In Exhibit O, Tracy Addis with the Navy e-mailed Duane Pettis of Burns on July 28, 2006, and explained that there were reports that the C-40 Hangar Fire Alarm Panel trouble alarm was going off intermittently. Addis wrote, "Please reply per warranty."

However, the factual determinations of what the exact scope of ECS's original work was and whether that work was performed, accepted, and completed are more appropriate for summary judgment. Therefore, the Court denies Defendants' motion to dismiss.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 19, 2007

Honorable Barry Ted Moskowitz
United States District Judge